UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO:

CINDY BARBARA RAMOS-LEAL

    Plaintiff

v.

PORTFOLIO RECOVERY ASSOCIATES, LLC

    Defendant

_____/

## COMPLAINT

## JURISDICTION AND PARTIES

1.    This is an action for damages pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692 et. seq.

2.    This court has jurisdiction pursuant to 28 U.S.C. §1331 and §1337(a) and 15 U.S.C. §1692k(d).

3.    Venue in this district is proper pursuant to 28 U.S.C. §1391 because the Defendant transacts business in this district, and the events which give rise to this complaint occurred in this district.

4.    Plaintiff, CINDY BARBARA RAMOS-LEAL ("RAMOS-LEAL"), is a natural person residing at all relevant times in Broward County, Florida.

5.    Plaintiff is a consumer, as defined by 15 U.S.C. §1692a(3).

6.    Plaintiff is a consumer as defined by Fla. Stat. §559.55(2).

7.    Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC ("PORTFOLIO") is a Florida Foreign Limited Liability Corporation with its principle place of business in Norfolk, Virginia, and is in the business of collecting consumer debts for which it uses the

mails and phone, and transacts business on a regular basis collecting consumer debts, and which regularly transacts business in, and attempts to collect consumer debts in Broward County, Florida. This includes, but is not limited to, calling and mailing Broward County consumers to collect debts, and offering online web portal payment options through its website to Broward County consumers.

8.     Defendant regularly collects debts, with an online consumer payment portal, and which states on its website that it collects debts and accounts receivables for its clients, and which encourages consumers to make payments through its website. Defendant is thus a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6).

9.     Furthermore, Defendant is a "debt collector" as defined by Fla. Stat. §559.55(7), or is otherwise a person or entity obligated to comply with the provisions of Fla. Stat. §559.72.

## FACTS

10.     The debt which Defendant sought to collect which gives rise to the allegations herein, was related to personal, family and household goods and items, and is a consumer debt as defined by 15 U.S.C. §1692a(5) and Fla. Stat. §559.55 (6).

11.     On June 4, 2015, during a telephone conversation about a debt allegedly incurred with Synchrony Bank (IKEA), Plaintiff informed an agent of Defendant that she would like to dispute the debt for the purpose of having the debt marked as or reported as disputed for the purposes of future credit reporting.

12.     In response, an agent of Defendant informed RAMOS-LEAL that the account was already in "dispute status." However, contradicting that, in that same conversation, Defendant's agent informed the Plaintiff that to dispute the account, a letter

2

must be sent in writing, and furthermore, that Plaintiff's dispute would be lifted within 14 days, or used other words of similar meaning.

13.    In fact, this statement by Defendant's agent was false and misleading. 15 U.S.C. §1692e(8), states:

> "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> …
> (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed."

14.    Thus, under Section e(8), a debt collector must communicate that a debt is disputed the next time it reports the debt to a credit agency if a consumer disputes the debt. Contrary to Defendant's agent's assertion to Plaintiff, a consumer's right to make such a dispute, need not be in writing.

15.    Additionally, there is no time limit in which a consumer must make such a dispute. Any time that a debt collector reports debt to a credit reporting agency after a dispute is communicated by a consumer, it must report the debt as disputed. Nor is there, as Defendant's agent misinformed the Plaintiff, any 14-day time limit when the dispute is lifted or removed.

16.    The statements by Defendant's agent would lead the least sophisticated consumer into believing that he/she must pay the debt, even if it is disputed, in order to avoid the debt as being reported to a credit agency under a disputed status.

17.    Furthermore, the least sophisticated consumer would believe that he or she must take certain action to resolve the dispute within 14 days, including to provide a writing, when in fact, no such deadline or obligation exists anywhere in the FDCPA.

18.    In fact, even the FCRA requires that the Defendant report disputed debts as disputed to credit agencies, regardless of whether the dispute is in writing, and without any arbitrary 14-day time limit.  15 U.S.C. §1681s-2(a)(3).

19.    By misrepresenting a consumer's rights and Defendant's duties under Section e(8) and the FCRA, a consumer is coerced into paying rather than disputing a debt just to preserve credit. One court has stated that reporting to a credit bureau is "a powerful tool designed in part to pressure consumers to keep to the payment terms of all their obligations." Rivera v. Bank One 145 F.R.D. 614 (D.P.R. 1993). Thus, the misrepresentation discourages the consumer from utilizing a powerful and important right given to the consumer under the FDCPA with respect to the reporting of his or her debts to credit agencies.

20.    All of this is compounded by the confusion of Defendant's agent both informing the Plaintiff that the debt was in dispute and then telling Plaintiff that in fact it was not. The least sophisticated consumer would be confused as to whether anything at all had to be done to have the debt reported as disputed with credit agencies, and as to why Defendants agents are both asserting the account is in dispute while also providing (misleading) instructions on how to dispute the debt.

21.    The misrepresentations herein are communications to collect a debt as defined, covered and protected by the FDCPA.

22.    The actions by Defendants agents herein were made under the direction and employ of Defendant, as agents authorized to speak on behalf of Defendants and/or with the knowledge, consent and/or permission of the Defendant herein.

4

## COUNT I – VIOLATION OF THE FDCPA – 15 U.S.C. 1692e

23.   Plaintiff realleges and reavers the allegations above as if fully set forth herein.

24.   Plaintiff has used false, deceptive and misleading means to collect the debt, in violation of:

A)   15 U.S.C. §1692e by misrepresenting Defendant's legal obligations, misrepresenting Plaintiff's right to dispute the debt, misrepresenting how and when Plaintiff can dispute the debt, and by misrepresenting the Defendant's obligations to report debt as disputed, and for completely fabricating an arbitrary 14-day deadline, as further stated in Section e(8) and the FCRA and as described above. Additionally, Defendants misrepresented the current status of the debt, contradicting itself as to whether the debt was actually already in a disputed status or not.

B)   15 U.S.C. §1692e(10) by misrepresenting Defendant's legal obligations, misrepresenting Plaintiff's right to dispute the debt, misrepresenting how and when Plaintiff can dispute the debt, and by misrepresenting the Defendant's obligations to report debt as disputed, and for completely fabricating an arbitrary 14-day deadline, as further stated in Section e(8) and the FCRA and as described above. Additionally, Defendants misrepresented the current status of the debt, contradicting itself as to whether the debt was actually already in a disputed status or not.

25.     As a result of the violations herein, the Plaintiff has suffered damages, including but not limited to stress, anxiety, worry, anger, and fear and is additionally entitled to statutory damages, costs, and attorney's fees.

WHEREFORE, the Plaintiff requests this Honorable Court enter judgment in favor of the Plaintiff for damages pursuant to 15 U.S.C. §1692k(a)(1); statutory damages   pursuant to 15 U.S.C. §1692k(a)(2)(A); Costs pursuant to 15 U.S.C. §1692k(a)(3) and  Fed. R. Civ. P. 54(d), and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3).

## COUNT II — VIOLATION OF THE FCCPA

26.     Plaintiff realleges and reavers paragraphs 1-25 as if fully set forth herein.

27.     Fla. Stat. §559.72(9) makes it a prohibited collection activity to:

**Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, *or assert the existence of some other legal right when such person knows that the right does not exist.*[emphasis added]**

28.     Pursuant to Fla. Stat. §559.77(5), "In applying and construing this section, due consideration and great weight shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to the federal Fair Debt Collection Practices Act."

29.     Defendant knowingly and intentionally misrepresented that a dispute was invalid, that Defendant could ignore Plaintiff's request to Defendant to report the debt as disputed when next reported to any credit agencies, misrepresented that

6

Defendant had a right to require that the Plaintiff provide a writing to dispute the debt, and misrepresented that after 14 days, Defendant could refuse to honor Plaintiff's request, or that Defendant could "lift" or remove the disputed status after 14 days, a completely arbitrary number which appears nowhere in the FDCPA.

30.     Defendants made the misrepresentations knowingly and intentionally, well aware that their threats, and representations, would coerce Plaintiff into paying rather than disputing the debt. Defendants knowingly and intentionally tried to create the perception that the debt could not be easily disputed, in order to avoid Plaintiff from utilizing her rights under Section e(8) of the FDCPA and the applicable provisions of the FCRA.

31.     As a result of the violations herein, the Plaintiff has suffered damages, including but not limited to stress, anxiety, worry, anger, and fear and is additionally entitled to statutory damages, costs, and attorney's fees.

32.     The violations herein are intentional and knowing such that the Court should award additional statutory damages pursuant to Fla. Stat. §559.77(2).

33.     Plaintiff has retained undersigned counsel and is indebted to same a reasonable attorney's fees in the prosecution of this action.

WHEREFORE, the Plaintiff requests this Honorable Court enter judgment in favor of the Plaintiff for statutory and actual damages, as well as attorney's fees and costs, pursuant to Fla. Stat. §559.77(2).

## JURY TRIAL

Plaintiff requests a jury trial for all matters so triable as a matter of law.

DATED THIS 10th day of July 2015

Respectfully Submitted by:

**JASON WEAVER PA**

Jason Weaver Esq.
FBN 0392596
2750 N. 29th Avenue, Suite 120
Hollywood, FL 33020
(954) 870-4090
jason@jasonweaverpa.com
*Attorneys for Plaintiff*

8